## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                                            Nos. CIV 16-0124 JB/GBW
                                                 CR 12-1676 JB

ERIC VON CLAYMAN,

     Defendant.

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

**THIS MATTER** comes before the Court under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Plaintiff Eric Von Clayman's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.  <u>See</u> Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, filed March 14, 2016 (CIV Doc. 3; CR Doc. 48)("§ 2255 Motion").   For the reasons explained below, the Court will dismiss Von Clayman's § 2255 Motion, deny a certificate of appealability, and enter final judgment.

A three-count Indictment charged Von Clayman with: (i) possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871; (ii) being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (iii) being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   <u>See</u> Indictment, filed July 11, 2012 (CR Doc. 2).   Pursuant to a plea agreement, Von Clayman pled guilty to Count 1 of the Indictment, which charged him with possession of an unregistered firearm,

and the Court dismissed Counts 2 and 3 of the Indictment, which charged him with being a felon in possession of a firearm and ammunition.  See Plea Agreement, filed September 19, 2012 (CR Doc. 26)("Plea Agreement"); Motion to Dismiss Counts 2 and 3 of the Indictment, filed January 7, 2013 (CR Doc. 36); Order Dismissing Counts 2 and 3 of the Indictment, filed January 7, 2013 (CR Doc. 37); Judgment, filed January 9, 2013 (CR Doc. 38)("Judgment").   The Court accepted Von Clayman's plea of guilty, adopted the factual findings and United States Sentencing Guidelines' calculations in the Presentence Investigation Report ("PSR"), and sentenced Von Clayman to 60 months of imprisonment.  See Sentencing Minute Sheet, filed January 7, 2013 (CR Doc. 35); Judgment at 1.  The Court entered Judgment on January 9, 2013.  See Judgment at 1.

On March 14, 2016, Von Clayman filed his § 2255 Motion, in which he alleges that the sentence imposed by the Court is unconstitutional pursuant to the Supreme Court of the United States' recent decision in United States v. Johnson, 135 S. Ct. 2551 (2015).  See § 2255 Motion. In United States v. Johnson, the Supreme Court considered whether the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") violates the Due Process Clause of the Constitution of the United States of America.   In general, the maximum term of imprisonment for a defendant convicted of being a felon in possession of a firearm is ten years.  See 18 U.S.C. § 924(a)(2).  "But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life."  United States v. Johnson, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(1)).   The ACCA defines a "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that --

> (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*

18 U.S.C. § 924(e)(2)(B) (emphasis added).   In United States v. Johnson, the Supreme Court held that §924(e)(2)(B)(ii)'s residual clause -- which is the italicized portion excerpted above -- "denies fair notice to defendants and invites arbitrary enforcement by judges."   United States v. Johnson, 135 S. Ct. at 2557.   Therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."   United States v. Johnson, 145 S. Ct. at 2563.

In the present case, Von Clayman was not convicted of being a felon in possession of a firearm in violation of § 922(g).   Rather, he was convicted of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d), which carries a maximum sentence of ten years of imprisonment under 26 U.S.C. § 5871.   See Judgment at 1.   Pursuant to the United States Sentencing Guidelines and the findings in the PSR, the Court imposed a sentence of 60 months of imprisonment, below the statutory maximum term.   Von Clayman's sentence was not enhanced under the ACCA, much less under the residual clause of the ACCA and, therefore, he is not entitled to relief on the basis of United States v. Johnson.

The Court determines, under rule 11(a) of the Rules Governing Section 2255 Cases, that Von Clayman has failed to make a substantial showing that he has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2).   Accordingly, the Court will deny a certificate of appealability.

**IT IS ORDERED** that the Plaintiff Eric Von Clayman's Motion Under 28 U.S.C. § 2255

to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, filed March 14, 2016

(CIV Doc. 3; CR Doc. 48), is dismissed with prejudice; Plaintiff Von Clayman's Motion for

Appointment of Counsel Pursuant to Title 18 U.S.C. §3006A, filed March 14, 2016 (CIV Doc. 4),

is denied as moot; a certificate of appealability is denied; and final judgment will be entered.


_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Eric Von Clayman
Federal Correctional Institution
Sheridan, Oregon

    *Plaintiff pro se*

- 4 -